IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAYLOR ANTHONY BEESON,<br><br>Plaintiffs,<br><br>vs.<br><br>TARA J. ELLIOTT, et al.,<br><br>Defendants. | Cause No. CV 21-143-M-BMM-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On November 22, 2021, Plaintiff Beeson filed this action alleging numerous violations of his civil rights by numerous defendants. Beeson is a self-represented federal prisoner.

On June 17, 2022, the Court explained some defects in the pleading and gave Beeson an opportunity to file an amended complaint. Beeson filed his amended pleading on July 5, 2022.

## I. Screening

Because Beeson is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A

1

federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## II. Background

Beeson's claims arise from his criminal case, *United States v. Beeson*, No. CR 16-04-M-DLC (D. Mont. filed Jan. 7, 2016). Beeson pled guilty to one count of possessing more than 50 grams of pure methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). *See* Indictment; Plea Agreement; Minutes (CR 16-04 Docs. 1, 23, 24). On July 22, 2016, he was sentenced to serve 70 months in prison, to be followed by five years' supervised release. *See* Judgment (CR 16-04 Doc. 41) at 1–3.

Based on the same incident, Beeson was convicted in state court of felony possession of heroin, obstructing justice, and resisting arrest. *See* Am. Compl. (Doc. 16) at 3; Presentence Report (CR 16-04 Doc. 43) ¶ 71.[1]

---

[1] Beeson asserts a violation of his constitutional protection against double jeopardy. The Constitution permits a State and the federal government to convict and sentence a person whose conduct violates both State and federal law, even if each government relies on the same acts and the same evidence. The Supreme Court recently reaffirmed this rule, which has persisted "without qualm or quibble" for more than 130 years. *See Gamble v. United States*, __ U.S. __, 139 S. Ct. 1960, 1967 (2019); *see also, e.g.*, *United States v. Lanza*, 260 U.S. 377, 382 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.").

Beeson was released from prison and began serving his term of supervised release on May 28, 2021, in the District of Arizona. *See* Pet. to Revoke (CR 16-04 Doc. 46) at 2. On August 20, 2021, a petition to revoke his release was filed. Beeson was arrested on August 26, 2021, in Glendale, Arizona. *See* Warrant Return (CR 16-04 Doc. 55).

On November 2, 2021, after a hearing, counsel was granted leave to withdraw as Beeson elected to represent himself in the revocation proceeding. *See* Minutes (CR 16-04 Doc. 65).

On November 16, 2021, Beeson filed his civil complaint (Doc. 2).

On November 29, 2021, the Court held an evidentiary hearing and found five violations. Beeson's supervised release was revoked, and he was sentenced to serve eight months in prison, to be followed by 52 months' supervised release. *See* Judgment on Revocation (Doc. 77) at 1–3. Beeson did not appeal.

On April 22, 2022, Beeson was again released from prison to begin serving his term of supervised release. *See* Pet. to Revoke (CR 16-04 Doc. 80) at 2.

A second petition to revoke Beeson's supervised release was filed on June 2, 2022. On July 6, 2022, the Court held an evidentiary hearing and found Beeson violated his conditions. His supervised release was again revoked. He was sentenced to serve 24 months in prison with no supervised release to follow. *See* Judgment on Revocation (Doc. 94) at 1–3.

### III. Analysis

Beeson's amended complaint names three defendants: Tara Elliott, an Assistant United States Attorney; Troy Capser, an officer with the Department of Homeland Security residing in Kalispell, Montana; and the Honorable Dana L. Christensen. Elliott prosecuted the criminal case. Capser participated in the investigation. Judge Christensen presided.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not pursue a claim for money damages under 42 U.S.C. § 1983 or other civil law if the plaintiff's success on the claim would necessarily imply the invalidity of his conviction or confinement. *See Heck*, 512 U.S. at 486. This rule extends to civil actions against persons acting under color of federal law, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996), and to civil actions seeking any form of remedy, not just money damages, *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Whitaker v. Garcetti*, 486 F.3d 572, 584–85 (9th Cir. 2007). Beeson's allegations also show that he knew of the facts allegedly showing constitutional violations in time to raise them in the course of the criminal or revocation proceedings. *See Whitaker*, 486 F.3d at 584.

Several of Beeson's allegations are subject to dismissal based on judicial or prosecutorial immunity or possibly qualified immunity, but there is no need to

distinguish which are and are not. Beeson also likely does not have a claim at all under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See, e.g.*, *Egbert v. Boule*, 596 U.S. __, No. 21-147, slip op. at 7–9 (U.S. June 8, 2022); *Hernandez v. Mesa*, __ U.S. __, 140 S. Ct. 735, 741–43 (2020). But there is no need to decide that issue, either.

All of Beeson's claims concern the defendants' conduct in connection with the criminal case and the revocation proceedings. *See, e.g.*, Am. Compl. (Doc. 16) at 4 ¶ 2, 6–10 ¶¶ 5–7; Offer of Proof (CR 16-04 Doc. 22) at 3; Presentence Report ¶¶ 17–25; *see also* Statement of Reasons (CR 16-04 Doc. 42) at 1 § I. Even assuming *Bivens* would provide a civil cause of action, Beeson cannot proceed with a civil lawsuit unless and until the criminal and/or revocation judgments are invalidated through a proper appeal or collateral attack. *See Heck*, 512 U.S. at 490 n.10; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Jones v. Cunningham*, 371 U.S. 236, 240 (1963); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

### IV. Certification for Appeal

The law governing Beeson's allegations is well-established. Reasonable jurists would find no room to disagree with their dismissal. Any appeal from the District Court's disposition could not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

A strike, however, is not warranted. *See* 28 U.S.C. § 1915(g). Beeson's amended complaint does not seek money damages only. *See Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055–57 & n.4 (9th Cir. 2016); *but see Thompson v. Clark*, __ U.S. __, 142 S. Ct. 1332, 1335 (2022) (stating that favorable termination is an essential element of a claim under 42 U.S.C. § 1983 for malicious prosecution).

Accordingly, IT IS RECOMMENDED:

1. This matter should be DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal.

3. The District Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Beeson may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de

---

[2] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days

novo determination by the district judge and/or waive the right to appeal.

<u>Beeson must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of July, 2022.

Kathleen L. DeSoto
United States Magistrate Judge

---

after the period would otherwise expire.